## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CHERYL L. TAYLOR** | * | CASE NO. |
|     **Plaintiff** | * | |
| | * | SECTION "     " |
| **VERSUS** | * | |
| | * | JUDGE |
| | * | |
| **CONSTITUTION STATE SERVICES, LLC** | * | MAGISTRATE NO. |
| **And CHEDDAR'S CASUAL CAFÉ, INC.** | * | |
|     **Defendant** | * | MAGISTRATE |
| | * | |
| | * | A JURY TRIAL IS REQUESTED |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

TO:    The Honorable Judges
          of the United States District Court
          for the Western District of Louisiana

Defendant, Cheddar's Casual Café, Inc. (hereinafter "Cheddar's"), respectfully submits this Notice of Removal of the above-styled matter, and as cause therefore shows as follows:

1.

On the 12th day of March, 2014, the attached Petition was filed in the 1st Judicial District Court for the Parish of Caddo, State of Louisiana, entitled *Cheryl Taylor v. Constitution State Services, LLC and Cheddar's Casual Café, Inc.*, bearing case number 575256, Division "B".[1] The Petition alleged that "Plaintiff's claims are less than the amount required for jury trial," $50,000.[2] As such, it was not apparent that the case was removable until February 27, 2015, when defendant received a copy Plaintiff's demand in the amount of $72,500, indicating to

---

[1] *See* Exhibit "A" (Petition For Damages)

[2] *Id.* at ¶ 10.

Defendant that Plaintiff is no longer standing by her allegation that her claims do not exceed $50,000.[3]  Shortly thereafter, on March 10, 2015, Plaintiff's counsel refused to agree that plaintiff's claims do not exceed $75,000.[4]  Pursuant to 28 U.S.C.A. 1446(b)(3), "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  Here, removal is timely because it was filed within 30 days of receipt of the February 27, 2015 demand.

2.

Plaintiff's Petition alleges personal injuries as a result of an incident on or about August 15, 2013, at the Cheddar's located at 1714 East 70th Street, in Shreveport, Louisiana, where she alleges she slipped on a puddle of water and fell.[5]  This Court has original jurisdiction of this action under 28 U.S.C. § 1332, and this action is, therefore, removable to this Court on the basis that:

    A.    The properly joined parties to this action are completely diverse:

        1.    Plaintiff, Cheryl Taylor, is a person of full age of majority and a domiciliary of the State of Louisiana;[6]

        2.    Defendant, Cheddar's Casual Café, Inc., is organized under the laws of Delaware with its principal place of business in Texas.[7]

---

[3] *See* Exhibit "B" (Demand).

[4] *See* Exhibit "C" (Email).

[5] *See* Exhibit "A" (Petition), at ¶¶ 3-4.

[6] *Id.*

B.     The amount in controversy herein exceeds the sum of $75,000.00, exclusive of interest and costs. Here, Plaintiff claims that she suffers a meniscus tear to her right knee. As a result of the incident and underwent surgery, a partial medical meniscetomy and chondroplasty medical compartment.[8] Plaintiff additionally treated with physical therapy for her knee injury and received an injection.[9] Furthermore, Plaintiff testified at her January 2015 deposition that she continues to suffer knee pain, depending on the weather, almost a year-and-a-half after the incident.[10] Plaintiff claims that she additionally began to suffer right shoulder pain related to her knee therapy and that she underwent an injection related to this pain.[11] Further, Plaintiff claims that her medical specials to date total $23,988.08.[12] In a situation where the plaintiff has alleged an indeterminate amount of damages, the defendant must prove by a preponderance of the evidence that the amount in controversy is sufficient to confer subject matter jurisdiction.[13] A defendant can accomplish this either by showing that it is "facially apparent"

---

[7] Although Constitution State Services, LLC, was originally a defendant, it was voluntarily dismissed on June 9, 2014 on motion of Plaintiff. (*See* Exhibit "D", Dismissal).

[8] *See* Exhibit "E" (9/26/13 Specialists Hospital of Shreveport Records).

[9] *See* Exhibit "F" (Specialists Hospital of Shreveport Physical Therapy Discharge Summary); Ex. "G", (2/21/14 Orthopedic Specialists of Louisiana Records);

[10] *See* Exhibit "H", (Deposition of Plaintiff, p. 63).

[11] *See* Exhibit "H" (Deposition of Plaintiff, p. 52); Ex. "G" (2/21/14 Orthopedic Specialists of Louisiana Records).

[12] *See* Exhibit "B", (Demand).

[13] *Simon v. Wal–Mart Stores,* 193 F.3d 848, 850 (5th Cir.1999).

that the plaintiff's claim exceeds the jurisdictional amount, or by demonstrating by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount.[14] In this case, it is clear that Plaintiff has alleged injuries and damages that if true, which Defendants deny, place an amount in controversy that exceeds the sum or value of $75,000, exclusive of interests or costs.[15]

3.

Cheddar's Casual Café, Inc., prays for and requests a trial by jury on all issues.

**WHEREFORE**, removing Defendant, Cheddar's Casual Café, Inc., prays that the above action now pending in the First Judicial District Court for the Parish of Caddo, State of Louisiana, be removed therefrom to this Honorable Court. Further, defendant prays for a jury trial on all issues.

Respectfully submitted,

/s/ Peter J. Wanek
PETER J. WANEK (23353)
TREVOR C. DAVIES (32846)
KATHRYN T. TREW (34116)
McCRANIE, SISTRUNK, ANZELMO,
HARDY, McDANIEL & WELCH, LLC
909 Poydras Street, Suite 1000
New Orleans, LA 70112
Telephone: (504) 831-0946
Facsimile: (800) 977-8810

---

[14] *Id.*

[15] Plaintiff's claimed medical specials total $23,988.08. *See*, Exbibit "B", (Demand). When these claimed medical specials are combined with the following cases providing for general damages awards for similar injuries, it is clear that the amount in controversy exceeds $75,000. *See also, Todd v. Delta Queen Steamboard Co.*, 07-1518 (La. App. 4 Cir. 8/6/08); 15 So.2d 107 ($120,000 general damages award for knee surgery and series of knee injections); *Younce v. Pacific Gulf Marine, Inc.*, 01-546 (La. App. 5 Cir. 4/10/02); 817 So.2d 255 ($68,000 general damages award for arthroscopic knee surgery and partial tear of medical meniscus); *Moody v. Cummings*, 2009-1233 (La. App. 4 Cir. 4/14/10); 37 So.3d 1054 ($60,000 general damages award for partial tear of knee ligament with recommended arthroscopic surgery);

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by placing same in the U.S. Mail, postage prepaid and properly addressed this 11th day of March, 2015.

/s/ Peter J. Wanek