UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

CHERYL TAYLOR                              CIVIL ACTION NO. 15-cv-0570

VERSUS                                     JUDGE HICKS

CHEDDAR'S CASUAL CAFE, INC.                MAGISTRATE JUDGE HORNSBY

MEMORANDUM RULING

**Introduction**

Cheryl L. Taylor ("Plaintiff") filed suit in state court for damages caused by a fall at a Cheddar's restaurant in Shreveport. Plaintiff alleged that she slipped in a puddle of water near a fish tank. Cheddar's removed the case almost a year later based on an assertion of diversity jurisdiction. Plaintiff filed a Motion to Remand (Doc. 7) on the grounds that the removal was not timely. For the reasons that follow, the Motion to Remand will be denied.

**Timeliness**

A defendant must file a notice of removal (1) within 30 days after service of the initial petition or (2), if the case stated by the initial petition is not removable, within 30 days after receipt of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446(b)(1) and (3).

The first removal period is not triggered by service of the initial petition unless "that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of

the minimum jurisdictional amount of the federal court." Chapman v. Powermatic, Inc., 969 F.2d 160, 163 (5th Cir. 1992). Defendants are under no obligation to exercise due diligence to look beyond the petition or investigate the possible amount of the claim. The focus is on what the initial pleading sets forth, and the plaintiff, "if he wishes the thirty-day time period to run from the defendant's receipt of the initial pleading, [must] place in the initial pleading a specific allegation that damages are in excess of the federal jurisdictional amount." Id.

Plaintiff alleged in her initial petition that she slipped in water and suffered unspecified injuries. Louisiana law does not permit a tort plaintiff to pray for a specific amount of damages, but La. C.C.P. art. 893(a)(1) does allow a plaintiff to allege that her damages are insufficient to invoke the jurisdiction of the federal courts. Plaintiff did not include such an allegation. She did allege in paragraph 10 of her petition that her "claims are less than the amount required for jury trial." That amount is $50,000. La. C.C.P. art. 1732. The initial petition did not include a specific allegation that Plaintiff's damages were in excess of $75,000, so the service of the petition did not trigger the removal period under Section 1446(b)(1).[1] Plaintiff does not disagree.

---

[1] This conclusion is fully supported by Mumfrey v. CVS Pharmacy, Inc., 719 F.3rd 392 (5th Cir. 2013), where a pharmacist's original petition alleged wrongful termination and prayed for categories of damages such as lost wages, mental anguish, and attorney fees, but did not (per state law) specify an amount in controversy. The defendant moved the state court to order the plaintiff to specify the maximum amount at issue, and the plaintiff filed an amended petition that claimed $3,575,000 in damages. The Fifth Circuit held that the original petition did not trigger the removal period under Chapman despite the categories of damages claimed and the knowledge of the former employer about the amount of salary at stake. The original petition did not reveal on its face that the plaintiff was seeking more than $75,000, so the removal period did not begin until the amended

The next issue is whether the removal period was triggered by an amended pleading or other paper more than 30 days prior to the filing of the notice of removal. The Fifth Circuit has recognized that matters outside the formal pleadings, such as a deposition transcript or a post-complaint demand letter, may constitute "other paper" and trigger the removal clock . SWS Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 494 (5th Cir. 1996); Addo v. Globe Life & Acc. Ins. Co., 230 F.3d 759 (5th Cir. 2000). Whatever the form of the other paper, it does not trigger the removal period under Section 1446(b)(3) unless "the information supporting removal" in the paper is "unequivocally clear and certain" that the facts now support removal. Bosky v. Kroger Texas, LP, 288 F.3d 208, 211 (5th Cir. 2002). See also Honey Holdings I, Ltd. v. Alfred L. Wolff, Inc., 2015 WL 337682, *5, __ F. Supp. 3d __ (S.D. Tex. 2015).

Plaintiff argues that her deposition testimony and the medical records and medical bills provided to Cheddar's during discovery should have triggered the removal period. The medical records and bills were served on Cheddar's in June 3, 2014 and show that Plaintiff suffered a meniscus tear to her right knee. She underwent surgery, was treated with physical therapy, and received an injection. Her medical bills totaled $23,988.08. The bills indicate that her final medical care was in February 2014, and she filed her petition the next month, on March 12, 2014, and alleged that her claim was not in excess of $50,000. Plaintiff gave a deposition on January 15, 2015. She testified that she had been discharged by her

---

petition was filed. Mumfrey squarely prevents Plaintiff's initial petition in this case from triggering the removal period.

physician in February 2014 and had no further problems with her knee except during weather changes. She said she had no intention of seeking additional medical treatment unless she had new problems with her knee. She did not testify about any amount of damages sought in her lawsuit.

On February 27, 2015, several days before the March 12 anniversary of the filing of the petition, counsel for Plaintiff sent a letter to defense counsel as "an attempt at settlement" of the case. He outlined the approximately $24,000 in medical bills and stated that Plaintiff "is willing to settle this case and release your insured for $72,500 inclusive of medicals." Defense counsel emailed Plaintiff's counsel a few days later and stated an intention to amend Cheddar's answer and seek a jury trial in light of the recent settlement demand that exceeded $50,000. Plaintiff's counsel had no objection. Defense counsel then wrote: "Will you sign a stipulation that your damages do not exceed $75,000? If not, we will remove the case." One of Plaintiff's attorneys replied: "I don't care if you remove the case. We need to wait on Adam (the principal attorney on the case) to get back in a few days. He may stipulate." Defense counsel replied that she could not wait that long because the one-year limit on removal of diversity cases was only days away. She said that Cheddar's would remove the next day if it did not receive an agreement that damages did not exceed $75,000. Plaintiff's counsel responded: "I talked with client. I can't agree the value is below $75,000. Meds are above 20 and she had knee surgery." Cheddar's removed the case on March 11, 2015, one day before the one-year anniversary of the suit.

Bosky held that the removal period under Section 1446(b)(3) is not triggered unless an amendment, deposition, or other paper makes it "unequivocally clear and certain" that the facts now support removal. That requirement should be read as imposing a trigger for the second removal period that is at least as strict as the bright line rule required by Chapman. Smith v. Wal-Mart Louisiana, LLC, 2013 WL 4781778, *3 (W.D. La. 2013). There was nothing in the medical records, bills, or settlement demand that made an express demand for more than $75,000 or otherwise made it "unequivocally clear and certain" that the facts supported removal.

The discovery documents served on Cheddar's in June 2014 provided an arguable basis for removal, but nothing in any of them made it unequivocally clear that more than $75,000 was at stake so that Cheddar's had to remove within 30 days or see its right to remove be waived. All of the medical records and bills were generated prior to the filing of the suit, and Plaintiff herself alleged at filing that her damages were less than $50,000. There was no new information to suggest that the case was of a greater value until the settlement demand for $72,500, and Cheddar's removed the case less than 30 days later.

The rules of Chapman and Bosky were designed to assure nervous defendants that they need not remove a case until the plaintiff makes it clear that she is seeking more than $75,000. Before the rules were better settled, premature removals wasted a good deal of the court's time. The rules now protect a defendant who does not prematurely remove a case from being accused of untimeliness, and they avoid the wasted resources often associated with such removals. There was no amended petition or other paper served outside the 30

days prior to the removal that made it unequivocally clear that Plaintiff was seeking more than $75,000. The only events that suggested the amount in controversy might be greater than the $50,000 maximum Plaintiff alleged in her petition were Plaintiff's $72,500 settlement demand and her refusal to stipulate to an amount less than the jurisdictional amount. Cheddar's filed its notice of removal less 30 days after those events. The removal was timely.

**Amount in Controversy**

Now that it has been determined that Cheddar's did not remove the case too late, the next issue was whether Cheddar's has satisfied its burden of demonstrating by a preponderance of the evidence that the amount in controversy is present. It may make that showing by: (1) demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) setting forth the facts in controversy—in the notice of removal or an affidavit—that support a finding of the requisite amount. Luckett v. Delta Airlines, 171 F.3d 295, 298 (5th Cir. 1999); Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999).

The petition does not describe the injuries or damages in any detail, so it is not facially apparent from the petition that the claims are likely above $75,000. Cheddar's asserted additional information in its notice of removal, which is supported by the medical records. It noted that Plaintiff suffered a meniscus tear to her knee, underwent surgery, was treated with physical therapy, and received an injection. Plaintiff claimed some minor residual difficulties almost a year and a half after the accident, and her medical bills were almost $24,000. Cheddar's cited Louisiana decisions that have affirmed general damages ranging

from $60,000 to $120,000 for knee injuries that required surgery. Cheddar's also attached a copy of Plaintiff's settlement demand for $72,500 and the email exchange regarding Plaintiff's refusal to agree that her claims do not exceed $75,000.

The court finds that Cheddar's has produced information sufficient to satisfy its burden that the amount in controversy is present despite the lack of a specific demand for such an amount in the pleadings. The quantum cases cited by Cheddar's are of some weight, and courts have recognized that a plaintiff's refusal to stipulate may constitutes evidence that the amount in controversy is in excess of the requisite amount. See, e.g., Lee v. Dillon, 2012 WL 3263882, *3 (W. D. La. 2012); Broadway v. Wal-Mart Stores, Inc., 2000 WL 1560167, *2 (E. D. La. 2000); and Reid v. Delta Gas, Inc., 837 F.Supp. 751, 752 (M. D. La. 1993). In this case, there is more than a mere refusal to stipulate. Plaintiff's counsel explained that the reason for the refusal was based on a conversation with the client, the amount of the medical expenses, and the fact that Plaintiff had knee surgery. This suggests that Plaintiff and her attorney believe that the case has a potential value in excess of $75,000.

A settlement demand is not dispositive but can be valuable evidence of the amount in controversy. Wheeler v. Farmers Ins. Exchange, 2013 WL 4432097, *3 (W.D. La. 2013). Plaintiff's demand for $72,500 was for slightly less than $75,000, but the circumstances suggest some likelihood that Plaintiff intentionally avoided the $75,000 figure in an effort to avoid removal. Also, offers to compromise are often for less than the full amount that a party would seek if the case went to trial.

Considering all of the relevant factors, the court finds that Cheddar's has met its burden of demonstrating by a preponderance of the evidence that the amount in controversy is present. Accordingly, Plaintiff's **Motion to Remand (Doc. 7)** is **denied**. A scheduling conference will be set in due course.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 2nd day of June, 2015.

Mark L. Hornsby
U.S. Magistrate Judge