UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

CHERYL L. TAYLOR                         CIVIL ACTION NO. 15-0570

VERSUS                                   JUDGE S. MAURICE HICKS, JR.

CHEDDAR'S CASUAL CAFÉ, INC.              MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Before the Court is Plaintiff Cheryl L. Taylor's ("Taylor") Motion in Limine (Record Document 29). In the Motion, Taylor seeks an order prohibiting Defendant Cheddar's Casual Café, Inc. ("Cheddar's") from "presenting, mentioning, referencing, or introducing" three different pieces of evidence in the trial of the above-captioned matter. Record Document 29. For the reasons contained herein, the Motion in Limine is **GRANTED IN PART AND DENIED IN PART**.

**FACTUAL AND PROCEDURAL BACKGROUND**

Taylor is a natural person domiciled in Caddo Parish, Louisiana. See Record Document 1-2. Cheddar's is a corporation organized under the laws of the state of Delaware with its principal place of business in the state of Texas. See Record Document 1 at ¶ 2(A)(2). On August 15, 2013, Taylor alleges that she slipped and fell on a puddle of water by the fish tank at Cheddar's' restaurant in Shreveport. See Record Document 1-2. Taylor alleges that Cheddar's failed to warn customers of the presence of the water, that employees of Cheddar's knew or should have known of the presence of the water on the floor, and that these employees failed to protect Cheddar's' customers. See id. Taylor subsequently filed bankruptcy on September 4, 2013. See Record Document 32-4.

Ellis Young ("Young") was an employee of Cheddar's who was working at the Shreveport location of Cheddar's at the time of Taylor's fall. See Record Documents 32-

1, 32-2, and 32-3. Two insurance adjusters interviewed Young after Taylor's fall. See Record Documents 32-2 and 32-3. These adjusters testified in their depositions that in those interviews, Young told them that there was no water on the floor where Taylor slipped. See id. Evidently, Cheddar's manager subsequently fired Young based on allegations that he had been stealing from Cheddar's. See Record Documents 29 and 32. Young later testified in his October 1, 2015, deposition that there was liquid from spilled drinks on the floor where Taylor had slipped and fallen. See Record Document 32-3.[1]

Taylor originally filed the instant action on March 12, 2014, in the First Judicial District Court of Caddo Parish, Louisiana. See Record Document 1-2 at 4. On March 11, 2015, Cheddar's removed the action to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. See Record Document 1. On March 31, 2016, Taylor filed the instant Motion in Limine. See Record Document 29. On April 7, 2016, Cheddar's filed a Memorandum in Opposition to the Motion in Limine with attached exhibits. See Record Document 32.

## LAW AND ANALYSIS

Taylor's Motion in Limine seeks an order prohibiting Cheddar's from "presenting, mentioning, referencing, or introducing" three different pieces of evidence in the trial of the instant action: (1) Young's alleged theft from Cheddar's; (2) Taylor's bankruptcy filing and subsequent proceedings; and (3) any statements made by Young to Cheddar's, its representatives, or its insurance company representatives after the fall. Record

---

[1] The Court notes that the parties submitted only one page of Young's deposition; thus, though Young may have made additional statements regarding the presence of liquid on the floor in the deposition, the Court is limited to the page it has available. See Record Document 32-3.

Document 29. Cheddar's opposes the Motion for all three pieces of evidence. See Record Document 32.

### A. Young's Alleged Theft from Cheddar's

Taylor argues that evidence of Young's alleged theft from Cheddar's is inadmissible because Young was neither charged with nor convicted of a crime based on this allegation. See Record Document 29-1. Thus, the reason for Young's dismissal from Cheddar's is not admissible as extrinsic evidence of character for untruthfulness under Federal Rule of Evidence 609. Taylor also argues that "defendant should not be allowed to backdoor evidence of an alleged theft for the purpose of attacking credibility" and that "defendant cannot attempt to introduce this evidence for the sole purpose of attacking Mr. Young's credibility" under Rule 608. Id. Taylor cites to U.S. v. Ferrell, 625 F. Supp. 41, 44 (E.D. Pa. 1985), for the proposition that "Rule 608 precludes evidence that is offered solely to prove that a witness has been untruthful. It does not limit a party's introducing extrinsic evidence that may have the effect of generally impugning a witness's credibility, but is offered for some other relevant purpose." Id. According to Taylor, there is no other relevant purpose for the admission of this evidence, so it is not admissible. See id.

Cheddar's argues that these facts are admissible as potential evidence of bias, particularly considering that there is some evidence indicating that Young changed his story about Taylor's fall after his termination from Cheddar's. See Record Document 32. Cheddar's cites to United States v. Abel, 469 U.S. 45 (1984), for the proposition that extrinsic evidence of a witness' possible bias against a party is relevant evidence that is generally admissible.

Cheddar's' argument is correct. Extrinsic evidence of Young's firing by Cheddar's and the reason for which he was fired (the alleged theft) is not admissible as evidence of a prior criminal conviction under Rule 609, as Young was never convicted of a crime. It may not be admissible under Rule 608 as evidence of a prior act demonstrating Young's character for untruthfulness. The Court need not decide that question, however, as Cheddar's has identified another "relevant purpose" for which this evidence is admissible: attacking Young's credibility by demonstrating that he may be biased against Cheddar's. See Ferrell, 625 F. Supp. at 44.

In Abel, the Supreme Court addressed an argument that allowing the Government to impeach a witness with extrinsic evidence of bias was reversible error. See 469 U.S. at 46-56. The Court explained that though the Federal Rules of Evidence do not have a particular Rule expressly addressing impeachment of a witness for bias, this method of impeachment is nonetheless available to the same extent it was available prior to the promulgation of the Rules. See id. at 49-51. Regarding extrinsic evidence of bias, the Court explained that "the 'common law of evidence' allowed the showing of bias by extrinsic evidence, while requiring the cross-examiner to 'take the answer of the witness' with respect to less favored forms of impeachment." Id. at 52. Evidence that Cheddar's fired Young because of alleged theft is probative of Young's possible bias against Cheddar's; Young could be biased because of the allegation of theft, the firing, or both. Thus, Cheddar's has identified a relevant purpose for the evidence other than to challenge Young's character for truthfulness under Rule 608(b), and offering such evidence for this purpose (absent any other objections by Taylor) would render the evidence admissible at trial.

Addressing a similar argument to Taylor's argument that the evidence in question is inadmissible under Rule 608(b), the Court in Abel stated:

> [T]here is no rule of evidence which provides that testimony admissible for one purpose and inadmissible for another purpose is thereby rendered inadmissible; quite the contrary is the case. It would be a strange rule of law which held that relevant, competent evidence which tended to show bias on the part of a witness was nonetheless inadmissible because it also tended to show that the witness was a liar.

469 U.S. at 56. Thus, extrinsic evidence offered to show the potential bias of one of the witnesses was admissible even though it might have been inadmissible if offered to challenge the witness's character for truthfulness. See id. The instant action presents the same situation.

Finally, Taylor argues that evidence that Cheddar's fired Young based on alleged theft is subject to the balancing test of Rule 403. See Record Document 29-1. Taylor is correct in that all evidence offered at trial is subject to the Rule 403 balancing test if the opponent of the evidence makes a timely objection on the basis of this Rule. However, Taylor has not presented enough argument in the Motion in Limine itself for the Court to find that the probative value of this evidence as proof of potential bias is substantially outweighed by a danger of any of the problems enumerated in Rule 403. As noted, this evidence has substantial probative value as to the credibility of Young's testimony. Thus, Taylor's Motion in Limine with respect to evidence that Cheddar's fired Young based on alleged theft is **DENIED**.

### B. Taylor's Bankruptcy Filing and Subsequent Proceedings

Taylor argues that evidence of the fact that she filed bankruptcy soon after her fall and any subsequent bankruptcy proceedings has no probative value and is therefore inadmissible under Rules 401 and 403. See Record Document 29-1. Cheddar's argues

that such evidence is relevant and admissible to show that (1) Taylor may have had a financial motive for pursuing this lawsuit and (2) Taylor's alleged mental anguish resulting from her fall at Cheddar's may have resulted from the bankruptcy rather than the fall. See Record Document 32. Cheddar's cites to the decision on a similar Motion in Limine in Richards v. Wal-Mart Stores, Inc., 2013 U.S. Dist. LEXIS 65119 (W.D. La. 2013), for support.

Rule 401 states that "evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." "Irrelevant evidence is not admissible." Fed. R. Evid. 402. Rule 403 states that "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

In Richards, the Court addressed almost identical arguments by the plaintiff and defendant in that case regarding the admissibility of the fact that the plaintiff had filed bankruptcy slightly less than one year prior to the plaintiff's slip-and-fall. See 2013 U.S. Dist. LEXIS 65119 at *2-5. The Court held that evidence of the plaintiff's bankruptcy filing was relevant to the issue of mental anguish damages, as the plaintiff's mental anguish could have resulted from either the fall or from the ongoing bankruptcy. See id. at *5. The Court stated, "if Plaintiffs intend to show that the accident resulted in Mrs. Richards' mental anguish, then Defendant is entitled to show that there were other reasons, including financial strain, which could have caused mental anguish." Id. The Court also held that the probative value of the evidence was not outweighed by the danger of unfair

prejudice. See id. However, the Court found that evidence of the bankruptcy was not relevant for the other purposes the defendant has raised, such as proving (1) financial motive for the lawsuit; (2) loss of earning capacity; or (3) lost wages. See id.

The Court finds Richards persuasive. Taylor's suit alleges that she suffered "mental pain and anguish" damages as a result of her fall at Cheddar's. See Record Document 1-2 at ¶ 7. The Court finds the fact that Taylor filed bankruptcy only a few weeks after her fall to be of great importance in determining whether the bankruptcy is admissible. See Record Document 32-4. The quantum of mental anguish damages, if any, caused by the alleged negligence of Cheddar's is a fact to be determined by the jury in the instant action. Cheddar's is attempting to point to Taylor's bankruptcy, a major financial disruption that occurred in close temporal proximity to her fall, as an alternate potential cause of Taylor's alleged mental anguish. Thus, Taylor's bankruptcy as it relates to her alleged mental anguish damages is a fact "of consequence" in deciding this action, and Taylor's Motion in Limine is **DENIED** as to the admission of the bankruptcy for this purpose. Fed. R. Evid. 401. So long as the exploration of the extent of her financial distress and its possible connection to her alleged mental anguish and claim for damages is the subject of appropriate questioning, the Court finds that the probative value of this evidence is not substantially outweighed by the risk of any of the dangers enumerated in Rule 403.

Cheddar's also argues that evidence of Taylor's bankruptcy is admissible to show "that she may have a financial motive for pursuing this lawsuit." Record Document 32. As in Richards, the Court disagrees. Cheddar's may, for example, cross-examine Taylor about the fact that she stands to gain financially from the case if she wins; this is simply

impeachment for having a financial stake in the outcome of the case, another species of impeachment similar to the impeachment for bias discussed in Section A, *supra*. However, the Court finds that the danger of unfair prejudice to Taylor, confusion of the issues, and misleading the jury from using her bankruptcy to prove a financial motive for pursuing the instant action outweighs any probative value that her financial motive may have. See Fed. R. Evid. 403. Thus, Taylor's Motion in Limine is **GRANTED** as to the admission of Taylor's bankruptcy filing, any subsequent proceedings, or financial condition to prove a financial motive for pursuing the instant action.

It should be noted that it is not apparent whether Taylor listed the claim in the instant action as an asset in her bankruptcy proceedings. The only document available to the Court related to the bankruptcy is her initial filing of Chapter 13 bankruptcy on September 4, 2013. See Record Document 32-4. A failure to list this claim, in addition to having other potential adverse consequences for Taylor, may affect the Court's decision on the admissibility of evidence related to the bankruptcy proceeding. Thus, the Court reserves the right to alter the instant evidentiary ruling if Taylor did not list the claim in the bankruptcy proceeding. The parties are **ORDERED** to file statements, together with any necessary accompanying evidence, regarding whether Taylor listed the claim as an asset in her bankruptcy proceedings, including written authority from the Trustee for Taylor to proceed with this lawsuit. Such statements are not to exceed five pages, and must be filed with the Court by January 20, 2017.

### C. Young's Statements to Cheddar's' Management and Insurance Company Representatives

Taylor argues that Young's statements to Cheddar's' management and the two insurance adjusters after Taylor's fall at the restaurant are inadmissible because they are

hearsay. See Record Document 29-1. Cheddar's argues that the statements, though inadmissible as hearsay if offered to prove the truth of the matter asserted, are nonetheless admissible if offered for the purpose of impeachment by prior inconsistent statement. See Record Document 32.

The Court agrees with Cheddar's. Young's out of court statements to Cheddar's' management and the two insurance adjusters, if offered to prove the truth of the matters asserted in these statements, would be inadmissible under Rules 801(c) and 802. However, prior out of court statements by a witness are admissible to attack the credibility of the witness under Rule 613 both (1) on cross-examination of the witness who made the prior inconsistent statement and (2) by extrinsic evidence through another witness if the proponent of the evidence follows the proper procedure contained in the Rule. See also United States v. Hale, 422 U.S. 171, 176 (1975). It is irrelevant whether Young's prior oral statements to Cheddar's management or the insurance adjusters were recorded or transcribed; even if they were not, they would still be admissible for the purpose of impeachment by prior inconsistent statement. See United States v. Sisto, 534 F.2d 616, 622 (5th Cir. 1976). As such, Taylor's Motion in Limine with respect to these prior statements is **DENIED**.

## CONCLUSION

Cheddar's has countered each of Taylor's arguments in her Motion in Limine by showing an admissible purpose for each of the challenged pieces of evidence, with the exception of its argument for admission of Taylor's bankruptcy to prove Taylor's financial motive in filing the instant action. Therefore, Taylor's Motion in Limine is **GRANTED** as to the admission of Taylor's bankruptcy filing, any subsequent proceedings, or financial

condition to prove a financial motive for pursuing the instant action. Cheddar's is prohibited from presenting, mentioning, referencing, or introducing Taylor's bankruptcy filing, any subsequent proceedings, or financial condition to prove such a financial motive. In all other respects, Taylor's Motion in Limine is **DENIED**.

    **IT IS FURTHER ORDERED** that the parties file statements, together with any necessary accompanying evidence, regarding whether Taylor listed the claim as an asset in her bankruptcy proceedings, including written authority from the Trustee for Taylor to proceed with this lawsuit. Such statements are not to exceed five pages, and must be filed with the Court by January 20, 2017.

    **THUS DONE AND SIGNED** at Shreveport, Louisiana, on this the 13th day of January, 2017.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE